IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Pamela Staton, ) | Case No. 6:23-cv-02104-JDA-KFM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| O'Reilly Automotive Stores, Inc.; Ben ) | |
| Sambrano; Paul Weathers, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter is before the Court on a motion for judgment on the pleadings filed by Defendant Ben Sambrano ("Sambrano") [Doc. 27]; a partial motion for judgment on the pleadings filed by Defendants O'Reilly Automotive Stores, Inc. ("O'Reilly") and Paul Weathers ("Weathers") [Doc. 33]; and a motion for extension of time to file a motion to amend the Amended Complaint filed by Plaintiff [Doc. 40]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On March 12, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that both motions for judgment on the pleadings[1] be granted

---

[1] As the Magistrate Judge noted, O'Reilly and Weathers style their motion as a partial motion to dismiss but state that the motion is made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which is the rule applicable to motions for judgment on the pleadings. [Docs. 33; 33-1.] The pleadings in this case were closed at the time the motion was filed. As such, the undersigned will construe the motion as a partial motion for judgment on the pleadings and will refer to it as such herein. *See Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002) ("However, the distinction is one without a difference, as . . . the same standard [applies] for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6).").

and that Plaintiff's motion for extension of time be denied. [Doc. 58.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 20.] Plaintiff filed objections on March 26, 2024 [Doc. 60], and O'Reilly, Weathers, and Sambrano filed replies on April 9, 2024 [Docs. 62; 63].

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-

2

specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021).

## DISCUSSION

The only objection that substantively addresses a recommendation in the Report is Plaintiff's objection to the Report's recommendation that her claims be dismissed with prejudice.  [Doc. 60 at 3 ¶ 11.]  Plaintiff argues that "it is possible that one or more exceptions to the [South Carolina Workers' Compensation Act ("SCWCA")]'s exclusivity provision apply" and "[f]or that reason, the plaintiff respectfully requests that the dismissal of the negligence and negligent hiring, supervision, and retention cause of action be without prejudice so that the plaintiff may reassert the claims at a later date, if the evidence deduced in discovery supports the application of either exception."  [*Id*.] Specifically, Plaintiff argues that she "has a good faith basis to believe that the injury might be the result of the intentional act of the employer or that the tort is slander and that [] injury is to reputation," which are both exceptions to the SCWCA's exclusivity provision. [*Id*.]

However, the Magistrate Judge concluded that further amendment of the Amended Complaint would be futile because "the defects in [Plaintiff]'s amended complaint do not stem solely from a lack of factual support but are also the result of the legal deficiency of her causes of action."  [Doc. 58 at 19.]   Further, dismissal of Plaintiff's negligence claims with prejudice does not preclude Plaintiff from later seeking to assert causes of action

3

based on an intentional act of the employer or for slander.  Accordingly, the Court has reviewed this portion of the Report de novo and overrules this objection.

The remainder of Plaintiff's objections merely provide a numbered list of the Magistrate Judge's findings that she objects to [*see, e.g.*, Doc. 60 at 1 ("1. The plaintiff objects to the Magistrate Judge's finding on page 6 of his [Report] that the pleadings in this case were closed at the time of the defendants' motions.")], and the Court therefore reviews those objections only for clear error.  *See Rucker v. Stirling*, No. 1:19-00310-MGL, 2020 WL 4381975, at *3 (D.S.C. July 31, 2020) (finding that an objection merely stating the defendants "object to the Report and Recommendation's conclusion" regarding an issue was "a conclusory objection failing to require de novo review" (internal quotation marks omitted)).

## **CONCLUSION**

The Court has reviewed the record in this case, the applicable law, the Report of the Magistrate Judge, and Plaintiff's objections.  Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.

Accordingly, Sambrano's motion for judgment on the pleadings [Doc. 27] and O'Reilly and Weathers' partial motion for judgment on the pleadings [Doc. 33] are GRANTED and Plaintiff's causes of action for negligence/gross negligence; negligent hiring, supervision, and retention; violation of the South Carolina Payment of Wages Act; violation of the South Carolina Human Affairs Law; and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 against Sambrano and Weathers are dismissed

with prejudice.[2]  Additionally, Plaintiff's motion for extension of time to file a motion to amend the Amended Complaint [Doc. 40] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge,

September 19, 2024
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The only remaining cause of action in the Amended Complaint is Plaintiff's Title VII gender discrimination claim against O'Reilly.  The Court notes that the Magistrate Judge ordered the parties to jointly submit a proposed amended scheduling order within seven days of the district court's ruling on the Report.  [Doc. 58 at 19.]

5